SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street

New York, NY 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 5, 2009

By ECF and Hand

Honorable James M. Peck,
    United States Bankruptcy Judge,
        Alexander Hamilton U.S. Custom House,
            One Bowling Green, Room 601,
                New York, New York 10004-1408.

        Re:    *Coreth v. Barclays Capital Inc.*, Adv. Pro. No. 09-01045 (JMP)
                (*In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP))

Dear Judge Peck:

        On July 31, 2009, plaintiff's counsel submitted a letter to the Court, commenting on whether the Rule 2004 discovery proceedings in *In re Lehman Brothers Holdings Inc.* had any implications for defendant's pending motion to dismiss this adversary proceeding. On behalf of defendant Barclays Capital Inc. ("Barclays"), we write briefly in response, to explain why Barclays believes that there is no reason to delay decision on its dismissal motion pending the outcome of the Rule 2004 discovery proceedings.

        Plaintiff argues that "the referenced discovery demonstrates the existence of factual issues which should preclude any ruling in Barclays's favor on its motion to dismiss." (Plaintiff's Letter to the Court, dated July 31, 2009 ("Pl. Letter"), at 1.) This is wrong for two fundamental reasons:

        *First*, Barclays' motion, consistent with Fed. R. Civ. P. 12(b)(6), presents purely legal grounds for dismissal. The "court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985); *see also DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996) ("A motion to dismiss [tests] the legal sufficiency of the complaint, and thus does

not require the Court to examine the evidence at issue.") (citation omitted). For this reason, it is plainly incorrect to claim, as plaintiff does, that "no decision can be had in Barclays' favor on [its] motion without completing and evaluating . . . discovery." (Pl. Letter at 3.) On the contrary, the Court can and should decide Barclays' Rule 12(b)(6) challenge to the legal sufficiency of the complaint without resolving factual disputes.

As Barclays described in its motion papers, the negating clause of the Purchase Agreement precludes the assertion of third-party beneficiary rights as a matter of law. The preclusive effect of the negating clause is a purely legal (and straightforward) determination governed by New York law.[1] Discovery is irrelevant to the issue.

Contrary to plaintiff's suggestion, enforcement of the negating provision will not permit Barclays to breach the Purchase Agreement with impunity. (*See* Pl. Letter at 2-3.) As an initial matter, Barclays has fully satisfied its obligations under the Purchase Agreement with respect to plaintiff. Consistent with Article IX of the Purchase Agreement, Barclays offered plaintiff a separation package that included 26 weeks of severance pay (calculated in accordance with Lehman's severance plan) and benefits continuation. Barclays also offered plaintiff an additional discretionary payment of $1.96 million, as provided for in the Lehman severance plan. Plaintiff rejected the offer. In any event, the results of the Rule 2004 discovery will show that Barclays has fully satisfied its aggregate obligations under Article IX of the Purchase Agreement. On both an individual and aggregate level, then, Barclays has met its obligations under the Purchase Agreement, and the Court should have no hesitation in enforcing the negating clause of the Purchase Agreement, as required by New York law.

*Second*, the Rule 2004 discovery proceeding deals with Barclays' aggregate obligations under the Purchase Agreement. It does not address the issue raised by plaintiff in this adversary proceeding—whether plaintiff's contract with LBI for a

---

[1] Likewise, plaintiff's alternative argument that Barclays breached the terms of its own employment arrangement with plaintiff fails under the plain language of Barclays' email offer of employment. That employment offer nowhere mentions bonus compensation. Moreover, the offer stated that plaintiff's employment would be at-will, and that Barclays' employment policies, not Lehman's, would apply to the employment relationship, including its policy that all bonus compensation is discretionary unless expressly guaranteed in writing. Discovery concerning Barclays' aggregate obligations under the Purchase Agreement has nothing to do with Barclays' email offer of employment to plaintiff.

bonus guarantee was intended by Barclays and Lehman to be treated as "severance" under Section 9.1(b) of the Purchase Agreement. Nor does it address whether, in individual cases such as plaintiff's, Barclays met its obligations under the Purchase Agreement.

In support of its Rule 2004 motion, Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, argued that Section 9.1(c) encompassed Barclays' agreement to make aggregate "comp" payments of $2 billion to former Lehman employees, and questioned whether Barclays met that alleged overall obligation. (*See* Motion of Debtor and Debtor in Possession for an Order, Pursuant to Fed. R. Bankr. 2004, Authorizing Discovery from Barclays Capital Inc., dated May 18, 2009 (the "Rule 2004 Motion"), ¶ 9 and Ex. A.) At oral argument on the Rule 2004 Motion, counsel for LBHI reiterated that the purpose of the requested discovery was to determine what "Barclays agreed to pay in the aggregate" under the Purchase Agreement. (Transcript of June 24, 2009 Hearing at 32.) LBHI's Rule 2004 document demands likewise reflect that the discovery targets aggregate information—not information concerning whether Barclays assumed particular employment contracts. (*See, e.g.*, Rule 2004 Motion, Ex. F, Request 5 ("All documents concerning the schedule dated September 16, 2008 referenced in section 9.1(c) of the Original APA . . ."); Request 8 ("All documents concerning Barclays' payment, deferral, alteration, renegotiation, revision, or non-payment of bonuses, severance or other forms of compensation to former LBI or Lehman executives . . ."); Request 12 ("All documents concerning Barclays' accounting, valuation, expensing or accruing for any bonuses . . . , severance or other forms of compensation that Barclays paid or is obligated or expects to pay to former LBI or Lehman executives . . .").)

In this proceeding, by contrast, plaintiff claims that Barclays agreed to pay him $19.6 million in bonus compensation by virtue of the severance provisions of Section 9.1(b) of the Purchase Agreement. Discovery directed to Barclays' aggregate obligations under the Purchase Agreement is separate from plaintiff's particular claims.

Finally, under the guise of informing the Court about the implications of the Rule 2004 discovery proceedings on Barclays' motion, plaintiff requests permission to participate in the Rule 2004 discovery and to conduct a separate deposition related exclusively to this proceeding. Those requests should be denied. Barclays' challenge to the legal sufficiency of plaintiff's complaint should be resolved prior to the start of any discovery in this proceeding, particularly in light of the fact that Barclays' motion challenges plaintiff's standing to assert claims under the Purchase Agreement. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery

begins."); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("[T]here is no general right to discovery upon filing of the complaint. The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") (citation and internal quotations omitted); *Greene v. Emersons, Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980) ("A defendant has the right, under Rule 12(b) . . . to challenge the legal sufficiency of the complaint's allegations . . . without first subjecting himself to discovery procedures.").

\*   \*   \*

For the foregoing reasons, Barclays submits that there is no reason to defer decision on its motion to dismiss plaintiff's complaint pending the outcome of the Rule 2004 discovery proceedings. Plaintiff's claim cannot be sustained as a matter of law, and the very different discovery involved in the 2004 proceeding cannot change this. We respectfully request that the complaint be dismissed in its entirety with prejudice.

Respectfully,

/s/ Theodore O. Rogers, Jr.
Theodore O. Rogers, Jr. (TR-5279)

cc: Robert K Gross, Esq.
George P. Birnbaum, Esq.
(Eaton & Van Winkle LLP)